UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY EVANS,

    Petitioner,                                     Case Number 4:17-CV-12145
                                                               Honorable Linda V. Parker

v.

CARMEN PALMER,

    Respondent,
_____/

## OPINION AND ORDER HOLDING THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE

Petitioner Anthony Evans ("Petitioner"), confined at the Michigan Reformatory in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in Michigan state court for armed robbery, first-degree home invasion, and felony firearm, second offense. Petitioner asks the Court to hold the petition in abeyance to permit him to complete post-conviction proceedings in the state courts. For the reasons that follow, the Court is granting Petitioner's request under the terms outlined below and is administratively closing the case.

### I. Background

In April 2013, Petitioner pleaded guilty to the above offenses in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v.*

*Evans,* No. 327781 (Mich.Ct.App. July 17, 2015), *lv. den.* 875 N.W.2d 213 (Mich. 2016).  Petitioner filed a post-conviction motion to withdraw his guilty plea, which remains pending in the Wayne County Circuit Court.

This Court received a letter from Petitioner, dated June 5, 2017, in which he indicates that he intends to file a petition for writ of habeas corpus to challenge his convictions.  Petitioner asks the Court to hold his case in abeyance while he finishes exhausting his claims in the state court.  Petitioner has attached to his letter the post-conviction motion to withdraw his guilty plea filed with the state court, as well as other pleadings and exhibits.

## II. Discussion

### 1. Petitioner's letter is construed as a petition for writ of habeas corpus

This Court construes Petitioner's June 5, 2017 letter as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, because he expresses his desire to seek habeas relief on his claims and requests to hold the petition for writ of habeas corpus in abeyance while he pursues post-conviction relief in the state courts. Petitioner attaches his state court pleadings, delineating the claims he is exhausting in the state courts and that he wishes to present here if the state court denies him relief.  Under the circumstances, this Court should construe his letter as a newly filed petition for writ of habeas corpus. *See, e.g., Sueing v. Palmer*, 503 F. App'x. 354, 356-57 (6th Cir. 2012).

2

The Sixth Circuit has advised that "[t]he allegations of a pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction.'" *Franklin v. Rose*, 765 F.2d 82, 86 (6th Cir. 1985) (quoting *Burris v. United States*, 430 F.2d 399, 403 (7th Cir. 1970)). "The appropriate liberal construction requires active interpretation in some cases to construe a pro se petition 'to encompass any allegation stating federal relief.'" *Id.* (quoting *White v. Wyrick*, 530 F.3d 818, 819 (8th Cir. 1976)). This Court is willing to incorporate the arguments raised in the state court documents Petitioner attaches to his letter as being part of Petitioner's application for the writ of habeas corpus.

### 2. The motion to hold the petition in abeyance is granted

Generally, a state prisoner seeking federal habeas relief first must exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b), (c); *see Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, a federal habeas court must review each claim for exhaustion before review on the merits. *Id.* Federal district courts generally must dismiss habeas petitions that are mixed—that is, which contain both exhausted and

3

unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

The outright dismissal of a petition, albeit without prejudice, might result in preclusion of federal review of the petitioner's claims due to the expiration of the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on AEDPA's statute of limitations can file a "protective" petition in federal court, as Petitioner appears to have done, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for the petitioner's failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." Further, Petitioner asserts that he did not properly raise some of his claims in the state courts due to the ineffective assistance of appellate counsel. Finally, it does not appear that Petitioner has engaged in "intentionally dilatory tactics." Petitioner also has good cause for failing to raise his ineffective assistance of appellate

4

counsel claim earlier because state post-conviction review would be the first opportunity that he has to raise this claim in the Michigan courts. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies and returning to federal court, if necessary, the Court imposes the time limits set forth below.

Accordingly

The Court is **GRANTING** Petitioner's request to hold this matter in abeyance. This tolling, however, is conditioned upon Petitioner initiating his state post-conviction remedies (which he apparently already has done) within **thirty (30) days** of this Opinion and Order. If Petitioner is unsuccessful in state court and wishes to re-open this case, he must file an amended habeas corpus petition setting forth all of the claims he is asserting in support of habeas relief **and** a motion to re-open this case, **using the same case number that appears on this Opinion and Order**, within **ninety (90) days** of completing the exhaustion of his state court post-conviction remedies. Petitioner's failure to comply with these conditions could result in the dismissal of the habeas petition.

5

To avoid administrative difficulties, the Clerk shall **CLOSE** this case for statistical purposes only. Nothing in this decision or in the related docket entry shall be considered a dismissal or disposition of this matter.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 18, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 18, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager